## United States District Court
## Middle District of Florida
## Jacksonville Division

| | |
|---|---|
| **Jessica Small,** | |
| *On behalf of herself and those similarly situated*, | **Case No.** |
| **Plaintiff,** | **Judge** |
| **v.** | **Magistrate Judge** |
| **Beach Pizza, Inc.; Thomas Lewis; Doe Corporation 1-10; John Doe 1-10;** | **Jury Demand Endorsed Hereon** |
| **Defendants.** | |

## Class and Collective Action Complaint

1.     Jessica Small, on behalf of herself and similarly situated individuals, brings this action against Defendants Beach Pizza, Inc.; Thomas Lewis; Doe Corporation 1-10; and John Doe 1-10 ("Defendants"). Plaintiff seeks appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Plaintiff and similarly-situated individuals with minimum wages as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., the Florida Constitution, Art. X, § 24, and for unjust enrichment.

2.     Defendants operate approximately seven Domino's Pizza locations in the Jacksonville area ("Defendants' Beach Pizza Domino's stores").

3.     Plaintiff seeks to represent the delivery drivers who have worked at the Defendants' Beach Pizza Domino's stores.

4.     Defendants repeatedly and willfully violated the Fair Labor Standards Act and Florida minimum wage law by failing to adequately reimburse delivery drivers for their delivery-related expenses, thereby failing to pay delivery drivers the legally mandated minimum wages for all hours worked.

5.     All delivery drivers at the Defendants' Beach Pizza Domino's stores, including Plaintiff, have been subject to the same or similar employment policies and practices.

## Jurisdiction and Venue

6.     Under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has jurisdiction over Plaintiff's FLSA claims.

7.     Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's Florida law claims.

8.     Venue in this Court is proper under 28 U.S.C. § 1391(b) because Defendants reside in this district, and a substantial part of the events giving rise to the claim herein occurred in this district.

2

## Parties

**Plaintiff**

**Jessica Small**

9.   Plaintiff Jessica Small is a resident of Florida.

10.   Plaintiff is an "employee" of all of the Defendants as defined in the FLSA and Florida Constitution, Art. X, § 24.

11.   Plaintiff has given written consent to join this action.

**Defendants**

**Beach Pizza, Inc.**

12.   Defendant Beach Pizza, Inc. is a domestic corporation authorized to do business under the laws of Florida.

13.   Beach Pizza, Inc. is the entity that operates the Defendants' Beach Pizza Domino's stores.

14.   Upon information and belief, Beach Pizza, Inc. owns approximately seven Domino's stores in Florida.

15.   Beach Pizza, Inc. is the entity that appears on Plaintiff's paystubs for work she completes for Defendants' Beach Pizza Domino's stores.

16.   Beach Pizza, Inc. has substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

3

17.     Beach Pizza, Inc. has direct or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated employees.

18.     At all relevant times, Beach Pizza, Inc. maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

19.     Beach Pizza, Inc. is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA and Florida law.

20.     At all relevant times, Beach Pizza, Inc. has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

21.     Beach Pizza, Inc.'s gross revenue exceeds $500,000 per year.

**Thomas Lewis**

22.     Defendant Thomas Lewis is the owner of Beach Pizza, Inc. and the Defendants' Beach Pizza Domino's stores.

23.     Thomas Lewis is the President of Beach Pizza, Inc.

24.     Thomas Lewis is the owner of the Beach Pizza, Inc.

25.     Thomas Lewis is the sole officer of Beach Pizza, Inc.

26.     Thomas Lewis operates approximately seven Domino's stores.

27.     Thomas Lewis is individually liable to the delivery drivers at the Defendants' Beach Pizza Domino's stores under the definitions of "employer" set forth in the FLSA and Florida law because he owns and operates the Defendants' Beach Pizza Domino's stores, serves as a president and owner of Beach Pizza, Inc., ultimately controls significant aspects of the Defendants' Beach Pizza Domino's stores' day-to-day functions, and ultimately controls compensation and reimbursement of employees.  29 U.S.C. § 203(d).

28.     Thomas Lewis is the franchisee of the Defendants' Beach Pizza Domino's stores.

29.     At all relevant times, by virtue of his role as owner and president of the Defendants' Beach Pizza Domino's stores, Thomas Lewis has had financial control over the operations at each of the Defendants' Beach Pizza Domino's stores.

30.     At all relevant times, by virtue of his role as owner and president of the Defendants' Beach Pizza Domino's stores, Thomas Lewis has a role in significant aspects of the Defendants' Beach Pizza Domino's stores' day to day operations.

31.     At all relevant times, by virtue of his role as owner and president of the Defendants' Beach Pizza Domino's stores, Thomas Lewis has had control over the Defendants' Beach Pizza Domino's stores' pay policies.

32.     At all relevant times, by virtue of his role as owner and president of the Defendants' Beach Pizza Domino's stores, Thomas Lewis has had power over

personnel and payroll decisions at the Defendants' Beach Pizza Domino's stores, including but not limited to influence of delivery driver pay.

33.     At all relevant times, by virtue of his role as owner and president of the Defendants' Beach Pizza Domino's stores, Thomas Lewis has had the power to hire, fire and discipline employees, including delivery drivers at the Defendants' Beach Pizza Domino's stores.

34.     At all relevant times, by virtue of his role as owner and president of the Defendants' Beach Pizza Domino's stores, Thomas Lewis has had the power to stop any illegal pay practices that harmed delivery drivers at the Defendants' Beach Pizza Domino's stores.

35.     At all relevant times, by virtue of his role as owner and president of the Defendants' Beach Pizza Domino's stores, Thomas Lewis has had the power to transfer the assets and liabilities of the Defendant entities.

36.     At all relevant times, by virtue of his role as owner and president of the Defendants' Beach Pizza Domino's stores, Thomas Lewis has had the power to declare bankruptcy on behalf of the Defendant entities.

37.     At all relevant times, by virtue of his role as owner and president of the Defendants' Beach Pizza Domino's stores, Thomas Lewis has had the power to enter into contracts on behalf of each of the Defendants' Beach Pizza Domino's stores.

38.     At all relevant times, by virtue of his role as owner and president of the Defendants' Beach Pizza Domino's stores, Thomas Lewis has had the power to close, shut down, and/or sell each of the Defendants' Beach Pizza Domino's stores.

39.

**Doe Corporation 1-10**

40.     Upon information and belief, Defendants own, operate, and control other entities and/or limited liability companies that also comprise part of the Defendants' Beach Pizza Domino's stores, and qualify as "employers" of Plaintiff and the delivery drivers at the Defendants' Beach Pizza Domino's stores as that term is defined by the FLSA and Florida wage law.

41.      Upon information and belief, Thomas Lewis owns and/or operates, in whole or in part, a number of other entities that make up part of the Defendants' Domino's operation.

42.     Upon information and belief, the franchisor, Domino's Pizza, may also be liable as an employer of the delivery drivers employed at Defendants' Beach Pizza Domino's stores.

43.     The identities of these additional Defendants should be revealed as discovery progresses and can be named at that time.

**John Doe 1-10**

44.    Upon information and belief, there are additional individuals who also qualify as "employers" of Plaintiff and the delivery drivers at the Defendants' Beach Pizza Domino's stores as that term is defined by the FLSA and Florida wage law.

45.    Upon information and belief, Thomas Lewis has entered into co-owner relationships with a number of his managers and business partners, and those individuals might also qualify as "employers" of Plaintiff and the delivery drivers at the Defendants' Beach Pizza Domino's stores as that term is defined by the FLSA and Florida wage law.

46.    The identities of these additional Defendants should be revealed as discovery progresses and can be named at that time.

## Facts

### Class-wide Factual Allegations

47.    During all relevant times, Defendants have operated the Defendants' Beach Pizza Domino's stores.

48.    Plaintiff and the similarly situated persons Plaintiff seeks to represent are current and former delivery drivers at the Defendants' Beach Pizza Domino's stores.

49.    All delivery drivers employed at the Defendants' Beach Pizza Domino's stores over the last five years have had essentially the same job duties.

50.    Plaintiff and similarly situated delivery drivers have been paid minimum wage for the hours they worked for Defendants' Beach Pizza Domino's stores.

51.    Delivery drivers do not complete their inside job duties contemporaneously with their delivery job duties.

52.    The delivery drivers at the Defendants' Beach Pizza Domino's stores work "dual jobs."

53.    Defendants require delivery drivers at Defendants' Beach Pizza Domino's stores to provide cars to use while completing deliveries for Defendants.

54.    Defendants require delivery drivers to maintain and pay for operable, safe, and legally compliant automobiles to use in delivering Defendants' pizza and other food items.

55.    Defendants require delivery drivers to incur and/or pay job-related expenses, including but not limited to automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, insurance, financing charges, licensing and registration costs, cell phone costs, GPS charges, and other equipment necessary for delivery drivers to complete their job duties.

56.    Pursuant to such requirements, Plaintiff and other similarly situated employees purchase gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, suffered automobile depreciation and

damage, financing, licensing, and registration charges, and incur cell phone and data charges all for the primary benefit of Defendants.

57.     The Defendants' Beach Pizza Domino's stores reimburse their delivery drivers based on a per mile reimbursement.

58.     Defendants reimburse their drivers for their automobile expenses by paying them approximately $.32 a mile.

59.     Defendants' reimbursement payments had no connection to the actual expenses incurred by the delivery drivers.

60.     The Defendants' Beach Pizza Domino's stores do not track or record the delivery drivers' actual expenses.

61.     The Defendants' Beach Pizza Domino's stores do not collect receipts from their delivery drivers related to the expenses they incur while completing deliveries.

62.     The Defendants' Beach Pizza Domino's stores do not reimburse their delivery drivers based on the actual expenses the delivery drivers incur.

63.     The Defendants' Beach Pizza Domino's stores do not reimburse their delivery drivers for the actual expenses delivery drivers incur.

64.     The Defendants' Beach Pizza Domino's stores do not reimburse their delivery drivers at the IRS standard business mileage rate.

65.    The Defendants' Beach Pizza Domino's stores do not reasonably approximate the delivery drivers' expenses.

66.    The Defendants' Beach Pizza Domino's stores' reimbursement payments result in reimbursements that are less than the IRS standard business mileage rate for each mile driven.

67.    According to the Internal Revenue Service, the standard mileage rate for the use of a car during the relevant time periods have been:

    a.    2017: 53.5 cents/mile
    b.    2018: 54.5 cents/mile
    c.    2019: 58 cents/mile
    d.    2020: 57.5 cents/mile

68.    The delivery drivers at the Defendants' Beach Pizza Domino's stores have incurred even more in expenses than those contemplated by the IRS standard business mileage rate—*e.g*., cell phone and data charges.

69.    As a result of the automobile and other job-related expenses incurred by Plaintiff and other similarly situated delivery drivers, they were deprived of minimum wages guaranteed to them by the FLSA and Florida law.

70.    Defendants have applied the same or similar pay policies, practices, and procedures to all delivery drivers at the Defendants' Beach Pizza Domino's stores.

71.    Because Defendants paid their drivers a gross hourly wage at precisely, or at least very close to, the applicable minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked

back" to Defendants an amount sufficient to cause minimum wage violations. *See* 29 C.F.R. § 531.35.

72.    Defendants have willfully failed to pay federal and Florida state minimum wage to Plaintiff and similarly situated delivery drivers at the Defendants' Beach Pizza Domino's stores.

## Plaintiff's Individual Factual Allegations

73.    Plaintiff worked at the Domino's store on Arlington Road in Jacksonville, Florida from January 2017 through September 22, 2019.

74.    Plaintiff has worked at the Domino's store on Monument Road in Jacksonville, Florida from November 2019 through the present.

75.    Plaintiff is paid minimum wage for all hours worked.

76.    When Plaintiff is not delivering food, she works inside the restaurant. Her work inside the restaurant includes making boxes, sweeping, mopping, and completing other duties inside the restaurant as necessary.

77.    Plaintiff works dual jobs.

78.    Plaintiff is required to use her own car to deliver pizzas.

79.    Plaintiff is reimbursed a per mil reimbursement rate. She is reimbursed $.32 a mile.

80.    Plaintiff is required to maintain and pay for operable, safe, and legally compliant automobiles to use in delivering Defendants' pizza and other food items.

12

81.    Plaintiff is required to incur and/or pay job-related expenses, including but not limited to automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, insurance, cell phone service, GPS service, automobile financing, licensing and registration costs, and other equipment necessary for delivery drivers to complete their job duties.

82.    Plaintiff has purchased gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, suffered automobile depreciation and damage, automobile financing, licensing and registration costs, and incurs cell phone and data charges all for the primary benefit of Defendants.

83.    Defendants do not track the actual expenses incurred by Plaintiff.

84.    Defendants do not ask Plaintiff to provide receipts of the expenses she incurs while delivering pizzas for Defendants.

85.    Defendants do not reimburse Plaintiff based on her actual delivery-related expenses.

86.    Plaintiff is not reimbursed at the IRS standard mileage rate for the miles she drives while completing deliveries.

87.    Defendants do not reimburse Plaintiff based on a reasonable approximation of her expenses.

88.    In 2019, for example, the IRS business mileage reimbursement was $.58 per mile, which reasonably approximated the automobile expenses incurred

delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using the IRS rate as the proper measure of Plaintiff's automobile expenses, every mile driven on the job decreased her net wages by approximately $.26 ($.58 - $.32) per mile. Considering Plaintiff's estimate of about 4 miles per delivery, Defendants under-reimbursed her about $1.04 per delivery ($.26 x 4 average miles).

89.     Defendants have failed to pay Plaintiff minimum wage as required by law.

## Collective Action Allegations

90.     Plaintiff brings the First Count on behalf of herself and all similarly situated current and former delivery drivers employed at the Defendants' Beach Pizza Domino's stores owned, operated, and controlled by Defendants nationwide, during the three years prior to the filing of this Class Action Complaint and the date of final judgment in this matter, who elect to opt-in to this action (the "FLSA Collective").

91.     At all relevant times, Plaintiff and the FLSA Collective have been similarly situated, have had substantially similar job duties, requirements, and pay provisions, and have all been subject to Defendants' decision, policy, plan, practices, procedures, protocols, and rules of willfully refusing to pay Plaintiff and the FLSA Collective minimum wage for all hours worked and failing to reimburse delivery

drivers for automobile expenses and other job-related expenses.  Plaintiff's claims are essentially the same as those of the FLSA Collective.

92.    Defendants' unlawful conduct is pursuant to a company policy or practice.

93.    Defendants are aware or should have been aware that federal law required them to pay employees minimum wage for all hours worked and to fully reimburse for "tools of the trade."

94.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

95.    The First Count is properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

96.    The FLSA Collective members are readily identifiable and ascertainable.

97.    In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

**Class Action Allegations**

98.    Plaintiff brings the Second and Third Counts under Federal Rule of Civil Procedure 23, on behalf of herself and a class of persons consisting of:

> All current and former delivery drivers employed by Defendants at the Defendants' Beach Pizza Domino's stores in the State of Florida

between the date five years prior to the filing of the original complaint and the date of final judgment in this matter ("Rule 23 Class").

99.     Excluded from the Rule 23 Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

100.    The number and identity of the Rule 23 Class members are ascertainable from Defendants' records.

101.    The hours assigned and worked, the positions held, deliveries completed, and the rates of pay and reimbursements paid for each Rule 23 Class Member are determinable from Defendants' records.

102.    All of the records relevant to the claims of Rule 23 Class Members should be found in Defendants' records.

103.    For the purpose of notice and other purposes related to this action, their names and contact information are readily available from Defendants.

104.    Notice can be provided by means permissible under Rule 23.

105.    The Rule 23 Class member are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

106.    There are more than 50 Rule 23 Class members.

107.    Plaintiff's claims are typical of those claims which could be alleged by any Rule 23 Class member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class member in separate actions.

108.    Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with Florida Constitution, Art. X, Section 24.

109.    Plaintiff and the Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, polices, and procedures.

110.    Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class and has no interests antagonistic to the Rule 23 Class.

111.    Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

112.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation on behalf of minimum wage employees where individual class members

lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

113.   This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

114.   Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiff and the Rule 23 Class members individually and include, but are not limited to:

   a. Whether Plaintiff and the Rule 23 Class members were subject to a common expense reimbursement policy that resulted in wages to drop below legally allowable minimum wage;

   b. Whether Plaintiff and the Rule 23 Class were subject to a policy that required them to maintain and pay for safe, operable, and legally compliant automobiles to use in completing deliveries;

   c. Whether Plaintiff and the Rule 23 Class incurred expenses for the benefit of Defendants in the course of completing deliveries;

   d. Whether Defendants reimbursed Plaintiff and the Rule 23 Class members for their actual expenses;

   e. Whether Defendants reimbursed Plaintiff and the Rule 23 Class members at the IRS standard business mileage rate for the miles they drove in making deliveries;

f.  Whether Defendants properly reimbursed Plaintiff and the Rule 23 Class members;

g.  Whether Plaintiff and the Rule 23 Class were actually paid the wage rate they were promised by Defendants;

h.  Whether Plaintiff and the Rule 23 Class conferred a benefit on Defendants that Defendants were aware of and accepted, and whether it would be unjust for Defendants to retain that benefit without compensating for it;

i.  The nature and extent of class-wide injury and the measure of damages for those injuries.

115.    In recognition of the services Plaintiff has rendered and will continue to render to the Rule 23 Class, Plaintiff will request payment of a service award upon resolution of this action.

## Causes of Action

### Count 1
### Failure to Pay Minimum Wages - Fair Labor Standards Act
### (On Behalf of Plaintiff and the FLSA Collective)

116.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

117.    Plaintiff and the FLSA Collective are or were non-exempt, hourly employees entitled to receive no less than minimum wage for all hours worked.

118.   Defendants paid Plaintiff and the FLSA Collective at or close to minimum wage for all hours worked.

119.   Defendants required and continue to require Plaintiff and the FLSA Collective to pay for automobile expenses and other job-related expenses out of pocket, and failed to properly reimburse Plaintiff and the FLSA Collective for said expenses. As a result, Plaintiff and the FLSA Collective's wages fell below minimum wage.

120.   By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff and the FLSA Collective.

121.   Plaintiff and the FLSA Collective have been damaged by Defendants' willful failure to pay minimum wage as required by law.

122.   As a result of Defendants' willful violations, Plaintiff and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, unreimbursed expenses, liquidated damages, costs, and attorneys' fees.

**Count 2**
**Failure to Pay Minimum Wages - Florida Constitution, Art. X, Section 24**
**(On Behalf of Plaintiff and the Rule 23 Class)**

123.   Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

124.    Defendants paid Plaintiff and the Rule 23 Class below minimum wage for the hours they worked by requiring them to cover automobile expenses and other job-related expenses.

125.    Defendants ostensibly paid Plaintiff and the Rule 23 Class at or close to minimum wage for the hours they worked.

126.    Because Defendants required Plaintiff and the Rule 23 Class to pay for automobile expenses and other job-related expenses out of pocket, Defendants failed to pay Plaintiff and the Rule 23 Class minimum wage.

127.    By not paying Plaintiff and the Rule 23 Class at least minimum wage for each hour worked, Defendants has violated the Florida Constitution, Art. X, Section 24.

128.    As a result of Defendants' violations, Plaintiff and the Rule 23 Class are entitled to damages, including, but not limited to, unpaid wages, unreimbursed expenses, an additional one times unpaid wages/unreimbursed expenses in damages under Section 24, costs, and attorneys' fees.

**Count 3**
**Unjust Enrichment**
**(On Behalf of Plaintiff and the Rule 23 Class)**

129.    The delivery drivers at the Defendants' Beach Pizza Domino's stores have conferred a benefit on Defendants by using their own cars to work for Defendants.

130.    The benefits include money saved on labor costs, additional sales by virtue of lower pizza prices, higher profits, and higher value for franchises.

131.    Defendants are aware of and have accepted the benefit conferred on them by delivery drivers.

132.    It would be unjust for Defendants to be permitted to retain the benefit conferred on them by the delivery drivers without commensurate compensation.

133.    Plaintiff and the delivery drivers are entitled to equitable restitution of all unreimbursed expenses.

**WHEREFORE**, Plaintiff Jessica Small prays for all of the following relief:

A.    Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and their counsel to represent the collective action members.

B.    Unpaid minimum wages, reimbursement of expenses, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations.

C.    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

D.     Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel.

E.     A declaratory judgment that the practices complained of herein are unlawful under the Florida Constitution, Art. X, Section 24.

F.     An award of unpaid minimum wages and unreimbursed expenses due under Florida Constitution, Art. X, Section 24.

G.     An award of damages under Florida Constitution, Art. X, Section 24, based on Defendants' failure to pay wages, calculated as an additional one time of back wages.

H.     An award of restitution for unjust enrichment.

I.     Liquidated damages under Florida Constitution, Art. X, Section 24.

J.     An award of prejudgment and post-judgment interest.

K.     An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees.

L.     Such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

/s/ Gary R. Kessler
Gary R. Kessler (Fla. Bar. No. 232777)
Trial Attorney
Gary R. Kessler P.C.
31 Mistflower Lane
Santa Rosa Beach, Florida 32459
(404) 909-8100 (Phone)

(404) 909-8120 (Fax)
(*gkessler@martensonlaw.com*)

Andrew R. Biller (*pro hac vice forthcoming*)
Biller & Kimble, LLC
4200 Regent Street, Suite 200
Columbus, OH 43219
Telephone: (614) 604-8759
Facsimile: (614) 340-4620
*abiller@billerkimble.com*

Andrew P. Kimble (*pro hac vice forthcoming*)
Nathan B. Spencer (*pro hac vice forthcoming*)
Biller & Kimble, LLC
8044 Montgomery Road, Suite 515
Cincinnati, OH 45236
Telephone: (513) 202-0710
Facsimile: (614) 340-4620
*akimble@billerkimble.com*
*nspencer@billerkimble.com*
www.billerkimble.com

*Counsel for Plaintiff and the putative class*

## **JURY DEMAND**

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ Gary R. Kessler
Gary R. Kessler