UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JESSICA SMALL,

    Plaintiff,

v.   Case No. 3:20-cv-1306-BJD-MCR

BEACH PIZZA, INC., THOMAS
LEWIS, DOE CORPORATION
1-10, and JOHN DOE 1-10,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Unopposed Motion for Settlement Approval ("Joint Motion") (Doc. 26).  The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution.  The parties seek court approval of their settlement agreement and dismissal of this action with prejudice.  However, the parties have failed to provide the Court with sufficient information to determine whether the Settlement Agreement should be approved as a "fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions."[1]  *See Lynn's Food*

---

[1] Of note, in the Motion, Plaintiff asserts that Defendants do not oppose the request for approval of the Settlement Agreement and have "paid the settlement amount and Plaintiff (and her counsel) already have received the benefit of the bargain."  (Doc. 26 at 3.)

*Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).

In *Bonetti v. Embarq Management Company*, the district court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (emphasis added).  Here, there are several issues which preclude the undersigned from determining whether the proposed Settlement Agreement is fair and reasonable.

First, although the Motion and the Settlement Agreement indicate that Defendants agreed to pay Plaintiff the sum of $26,259.49, the settlement amount actually totals $25,959.49 ($18,223.00 (for "non-taxable expense reimbursement" ($9,111.50) and "damages" ($9,111.50)) + $7,736.49 (attorneys' fees)) = $25,959.49).  (Docs. 26 at 6 & 26-1 at ¶ 2.)  It is unclear whether this is a scrivener's error, or whether the parties intended for

2

Plaintiff to receive the additional $300.00 as consideration for some of the other provisions in the Settlement Agreement (*i.e.*, the general release of claims (Doc. 26-1 at ¶ 3) or the mutual non-disparagement clause (Doc. 26-1 at ¶ 4)).

Second, Plaintiff indicates that the Settlement Agreement includes a general release of claims, a mutual non-disparagement clause, and a confidentiality agreement, but contends that while courts express concern over such provisions, "courts will approve settlements containing [such provisions] when additional compensation is provided." (Doc. 26 at 8.) Here, Plaintiff does not expressly state she is receiving additional compensation or other consideration for the general release or the non-disparagement clause, and asks the Court to approve the confidentiality clause because "Defendants provided an additional $750.00 in damages for confidentiality." (*Id.* at 10.) However, the Settlement Agreement does not reflect that Plaintiff is receiving separate consideration for the confidentiality clause; instead, it appears that the $750.00 is part of the $9,111.50 in "damages," which is referred to as "liquidated damages" in clause 8 of the Settlement Agreement, as follows:

> Claimant acknowledges that that this confidentiality provision is a material term of this Agreement, without which the Company would not have entered into this Agreement.  Claimant agrees

> and acknowledges that if she discloses any terms and conditions of this Agreement, including, but not limited to, the Settlement Payment, to anyone other than the aforementioned individuals or entities, Claimant may be liable to the Company for the entire amount of that portion of the settlement attributable to this provision as liquidated damages ($750.00).

(Doc. 26-1 at ¶ 8.)  This is problematic because it is unclear whether Plaintiff is in fact receiving full payment of liquidated damages.  *See Cassini v. Worldgate Vacations, LLC*, 6:18-cv-299-Orl-28DCI, 2019 WL 13060894, at * 1 n.1 (M.D. Fla. Mar. 6, 2019) (citing *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013) ("[A] plaintiff cannot waive her right to liquidated damages in a[n] FLSA settlement when there is no genuine dispute about whether she is entitled to them."))

As Plaintiff recognizes, courts within this Circuit routinely reject such confidentiality and non-disparagement clauses in FLSA settlement agreements because they thwart Congress's intent to ensure widespread compliance with the FLSA and attempt to limit Plaintiff's rights under the First Amendment.  *See, e.g.*, *Pariente v. CLS Resorts & Devs., Inc.*, Case No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Oct. 24, 2014 (internal quotations and citations omitted); *see also Weldon v. Backwoods Steakhouse, Inc.*, Case No. 6:14-cv-79-Orl-37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014) (stating that non-disparagement clauses are

generally rejected in FLSA settlement agreements and citing authority); *DeGraff v. SMA Behavioral Health Serv's, Inc.*, 945 F. Supp.2d 1324, 1330 (M.D. Fla. 2013) (finding confidentiality and non-disparaging clauses in FLSA settlement agreement to be inappropriate because they "contravene FLSA policy and attempt to limit Plaintiff's rights under the First Amendment"). Additionally, such provisions have been rejected because they are inherently unenforceable due to the public filing of such agreements. *See, e.g.*, *Housen v. Econosweep & Maint. Serv's, Inc.*, Case No. 3:12-cv-461-J-34TEM, 2013 WL 2455958 at *2 (M.D. Fla. June 6, 2013) (recognizing that confidentiality clauses are unenforceable when the settlement agreement is filed on the public docket and citing authority). As such, as the Court cannot approve the settlement agreement while it includes a confidentiality or a non-disparagement clause. Additionally, as previously mentioned, it is unclear whether Plaintiff is receiving separate consideration for the general release.

Rather than recommend denial of the Motion outright, the Court will provide the parties with an opportunity to file a revised proposed settlement agreement which does not contain any of the disfavored clauses, including the confidentiality agreement. In the alternative, to the extent the parties seek

5

to have the Court approve a confidentiality clause,[2] a general release, or mutual non-disparagement clause, they shall provide adequate reasons supported by case law for the Court to do so, and they must specifically state whether Plaintiff is receiving independent consideration for such agreements. The parties must also indicate how the settlement amount is being allocated in terms of Plaintiff's unpaid wages or reimbursed expenses, and the specific amount in liquidated damages.  Therefore, the parties shall supplement their Joint Motion and file their revised proposed settlement agreement no later than **October 29, 2021**.

Accordingly, it is **ORDERED**:

The Joint Motion (**Doc. 26**) is **TAKEN UNDER ADVISEMENT**.  The parties shall supplement their Joint Motion in accordance with this Order **no later than October 29, 2021**.

**DONE AND ORDERED** at Jacksonville, Florida, on October 14, 2021.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

---

[2] To the extent the parties again include a confidentiality clause in their amended settlement agreement, the undersigned may nonetheless recommend that the provision be stricken, even if it is supported by independent consideration.