IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| Jessica Small, | Case No. 3:20-cv-01306 |
| Plaintiff, | Judge Brian J. Davis |
| v. | Magistrate Judge Monte C. Richardson |
| Beach Pizza Inc., *et al.*, | |
| Defendants. | |

JOINT MOTION FOR SETTLEMENT APPROVAL

Per the Court's Order (Doc. 27), the Parties asks that the Court approve of the parties' revised Settlement Agreement (**Exhibit 1**), order the parties to carry out the terms of the Settlement Agreement, and dismiss the case with prejudice. The Settlement Agreement resolves Plaintiff Jessica Small's claims raised in this lawsuit.

Respectfully submitted,

/s/ *Andrew Kimble*
Andrew P. Kimble (Ohio Bar No. 0093172)
BILLER & KIMBLE, LLC
8044 Montgomery Road, Suite 515
Cincinnati, OH 45236
Telephone: (513) 202-0710
Facsimile: (614) 340-4620
*akimble@billerkimble.com*
www.billerkimble.com

Gary R. Kessler (Fla. Bar. No. 232777)
GARY R. KESSLER P.C.
31 Mistflower Lane
Santa Rosa Beach, Florida 32459

/s/ *Kathleen M. Caminiti*
Kathleen M. Caminiti
Florida Bar No.: 0814628
FISHER & PHILLIPS, LLP
430 Mountain Avenue
Suite 303
Murray Hill, New Jersey 07974
Phone: (908) 516-1062
Fax: (908) 516-1101

Jeffery E. Mandel
Florida Bar No.: 613126
Email: Jmandel@fisherphillips.com

1

| | |
|---|---|
| (404) 909-8100 (Phone)<br>(404) 909-8120 (Fax)<br>(*gkessler@martensonlaw.com*)<br><br>*Counsel for Plaintiff* | FISHER & PHILLIPS LLP<br>200 South Orange Avenue, Suite 100<br>Orlando, Florida 32801<br>Phone: (407) 541-0888<br>Fax: (407) 541-0887<br><br>*Counsel for Defendants* |

2

Memorandum in Support of
Joint Motion for Settlement Approval

1. **Introduction**

This matter comes before the Court in a slightly unique posture. This case was originally filed as a class and collective action on November 18, 2020, alleging mileage under-reimbursement under the Fair Labor Standards Act ("FLSA") and the Florida Constitution. Shortly thereafter, Defendants produced an arbitration agreement for Plaintiff and the matter proceeded to arbitration, with the federal court action stayed. During the pendency of arbitration, this matter settled. The Parties moved to dismiss the stayed federal lawsuit following the settlement. The Court *sua sponte* sought to approve the settlement agreement entered into between the Parties during arbitration. Notably, Defendant has paid the settlement amount and Plaintiff (and her counsel) already have received the benefit of the bargain.

2. **Background**

On November 18, 2020, Plaintiff Jessica Small filed this lawsuit on behalf of herself and similarly situated delivery drivers. The case alleges that Defendants' Domino's stores underpay their delivery drivers because (1) they pay at or close to minimum wage, (2) they require the drivers to provide a car to use at work, and (3) they do not properly or fully reimburse the drivers for their automobile expenses. *See* Doc. 1.

Shortly after the case was filed, Defendants produced an arbitration agreement allegedly signed by Ms. Small. Ms. Small did not dispute that she signed a valid arbitration agreement, and therefore agreed to pursue her claims in arbitration. Defendants then filed an unopposed motion to stay the case pending arbitration, which the Court granted. *See* Doc. 18; Doc. 20. During

3

arbitration, Ms. Small settled her claims. On August 8, 2021, the Parties filed a joint status report informing the Court of the settlement.

   3. **Ms. Small's claims.**

The claim in the arbitration proceedings alleged that Defendants have paid Ms. Small at or below the applicable minimum wage and, at the same time, required Ms. Small to pay for her own delivery expenses like vehicle maintenance, insurance, vehicle wear and tear, etc. Plaintiffs allege that "[b]ecause the vehicles owned by the delivery drivers are considered 'tools of the trade,' 29 C.F.R. §531.35, and required by [defendants] as a condition of being hired as a delivery driver, there needed to be an adequate reimbursement rate, using either the IRS mileage rate or actual reimbursement of cost, in order to avoid a decrease in the minimum wage and overtime paid." *Brandenburg I*, 2018 U.S. Dist. LEXIS 189878, at *11; *see also*, *Waters v. Pizza to You*, No. 3:19-cv-372, 2021 U.S. Dist. LEXIS 87604, at *27–28 (S.D. Ohio May 7, 2021). According to Plaintiffs, because Defendants paid Plaintiff at or below full minimum wage (*i.e.*, Defendants paid a tipped wage rate), any under-reimbursement triggers a clam for unpaid minimum wages under the FLSA and Florida wage law.

In contrast, Defendants deny Ms. Small's claims entirely, deny any wrongdoing whatsoever, and assert that Defendants compensated each Delivery Driver in compliance with the FLSA and the relevant Florida wage and hour laws at all times. Defendants claim that they are not required to reimburse at the IRS rate or reimburse actual expenses, but instead may reasonably approximate the expenses associated with employees' business use of their personal vehicles, have adequately reimbursed Ms. Small for all of her expenses, and have at all times paid her properly. *See Kennedy v. Mountainside Pizza, Inc.*, No. 19-cv-1199, 2020 WL 5076756, at *2 (D. Colo.

Aug. 26, 2020); *Blose v. Jarinc, Ltd.*, No. 1:18-cv-2184, 2020 WL 5513383, at *2 (D. Colo. Sept. 14, 2020); *Wass v. NPC Int'l, Inc.*, 688 F. Supp. 2d 1282, 1287 (D. Kan. 2010).

On the under-reimbursement claim, Plaintiff sought unpaid wages calculated as the difference between the IRS standard business mileage rate and the reimbursement actually paid for each mile driven, plus FLSA liquidated damages in the amount of 1× unpaid wages, plus Florida Constitution, Article X, Section 24 damages in the amount of 1× unpaid wages.

Based on Plaintiff's calculations, she was owed $14,563.61 in unpaid wages, under Florida law and under the FLSA. And according to Plaintiff's calculations, her maximum possible recovery would be $29,127.22. If, however, an arbitrator adopted Defendants' theory that they can "approximate" expenses, then Defendants would argue that Ms. Small suffered either no damages at all or a substantially lesser amount. Moreover, Defendants would argue that the arbitrator should not impose liquidated damages under the FLSA or Florida law.

The parties, through counsel, have negotiated Ms. Small's settlement, which the Court seeks to approve here.

### 4. Summary of Settlement Terms

The revised settlement agreement reached between the parties provides that Defendants agree to pay a total amount of $25,959.49 to Plaintiff and to Plaintiff's Counsel as resolution of all claims asserted by Plaintiff under federal and state law. This settlement is fair, adequate, and reasonable because it provides substantial compensation to Plaintiff in recognition of the risk, uncertainty, and expense of going forward with litigation.

The total settlement amount provides $18,223.00 to Jessica Small —$9,111.50 in unpaid wages and $9,111.50 in damages—and $7,736.49 to Plaintiff's Counsel for attorneys' fees and expenses.

Defendants provided Ms. Small's counsel with summary data and records related to the miles driven by, and reimbursement payments, made to her throughout the time period of her claim. Using the miles driven and reimbursement figure for Ms. Small, the Parties were able to calculate the amount Ms. Small was reimbursed per mile. From there, Plaintiffs' Counsel used an approximate IRS standard business mileage rate of $.55 per mile to calculate the alleged approximate damages under the Fair Labor Standards Act and Florida's wage and hour laws, assuming the IRS standard business rate to be applicable. The applicability of the additional damage amounts would have depended on the arbitrator's decision as to whether liquidated damages were applicable and whether additional damages could be "stacked" on top on one another. *See, e.g., Evans v. Loveland Automotive Investments, Inc.*, 632 Fed. Appx. 496, 498 (10th Cir. 2015); *compare with Chowdhury v. Hamza Express Food Corp, et al.,* No 15-3142 (2d Cir. Dec. 7, 2016) (denying stacking of FLSA and New York Labor Law damages).

The resolution of these issues would require the arbitrator, ruling as a matter of law the IRS standard business mileage rate applies, or it would require a battle of the experts regarding the appropriate "reasonable approximation" of Ms. Small's expenses. This would have been a time-consuming and costly exercise, which may very well have led to inconsistent and varying adjudications. There were substantial risks to all parties if the cases were to go forward.

Ms. Small's settlement is fair, adequate, and reasonable because it provides substantial compensation to her, and recognizes the risk, uncertainty, and expense of going forward with arbitration. Ms. Small received at least or close to their alleged unpaid wages and most received an equal amount (or more) in liquidated damages.

The total $18,223.00 settlement payment to Plaintiff is allocated as follows. $9,111.50 represents Plaintiff's unpaid wages based on her under-reimbursement. An additional $9,111.00

represents an equal amount to account for Plaintiff's claim for liquidated damages under both the FLSA and the Florida Constitution. While Plaintiff sought damages under both laws, she has settled for only 1× liquidated damages, which is reasonable given the disputed issues of law. For purposes of settlement, Plaintiff valued her unjust enrichment claims using the IRS rate for each mile driven, which is duplicative of and therefore subsumed by the unpaid wages claims for the time period worked. Based on the numerous uncertainties discussed above in section 3, Plaitniff's Counsel believes this is an excellent settlement.

From Defendants' perspective, the settlement was agreed upon to avoid the significant cost associated with proceeding with arbitration in the AAA, which involved an initial filing fee of $1,900 and an administrative fee of $750 for a total of $2,650 before the individual arbitrators' fees for the process.[1] Furthermore, the agreement expressly includes a provision stating that Defendants are not admitting to wrongdoing or liability.

5. **The Standard for Settlement Approval**

When a current or former employee alleges a violation of the FLSA, either the Secretary of Labor must oversee the payment of unpaid wages, or if the employee brings a private action and the parties settle the matter, a district court may enter a stipulated judgment after evaluating the parties' settlement terms for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-1353 (11th Cir. 1982). The Court must ensure that the settlement is the product of a bona fide dispute, is fair, reasonable, and adequate, and was reached through arms-length negotiation. *Id.* at *5–6. As described below, the proposed settlement meets this standard.

---

[1] https://www.adr.org/sites/default/files/Employment_Fee_Schedule.pdf

### 5.1. The settlement is the product of a bona fide dispute.

The most important factor to consider when evaluating a proposed settlement is Plaintiff's probability of success on the merits. *Kritzer v. Safelite Sols., LLC*, No. 2:10-cv-729, 2012 WL 1945144, at *6. In this case, Plaintiff's success on the under-reimbursement claim was not certain and there were several issues in dispute. The most prominent is (1) whether the IRS rate or reasonable approximation standard applies for employee delivery driver reimbursement, but other factors were relevant as well, such as: (2) whether Plaintiff was entitled to liquidated damages (which Defendants' expressly deny), (3) whether damages would "stack," or not, and (4) the extent of Plaintiff's unjust enrichment claim. As a result, Plaintiff's recovery ranged from as little as $0 to $29,127.22 on her best day, of this amount $17,252.58 would be attributable to her alleged FLSA damages.[2]  As such, there was a bona fide dispute regarding both the existence of and amount of any unpaid wages or other damages owed to Plaintiff.

### 5.2. The settlement is fair, reasonable, and adequate.

FLSA cases are complex and fact intensive. *See Laney v. BBB Logistics, Inc.*, 844 F. App'x 203, 209 (11th Cir. 2021) (observing "the fact-intensive nature of FLSA cases"). Given the complexity of the legal and factual questions before the Court in this case, the considerable time and expense required to arbitrate those questions, and the uncertainty of success, the settlement is fair, adequate, and reasonable. Continued arbitration would have required additional discovery, expense, and, potentially, expert testimony. The settlement benefits Plaintiff and Defendants by avoiding the time, expense, and uncertainty of moving forward through expensive and time-consuming arbitration. The amount Plaintiff will receive under this settlement is appropriate given the risks and uncertainties in this case.

---

[2] This assumes two years of liability and liquidated damages. Of course, Defendants expressly deny liability or Plaintiff's entitlement to liquidated damages.

### 5.3. The nature of negotiations.

The parties reached the above settlement after exchanges of information and months of back-and-forth, arm's-length negotiations. Plaintiff made her initial demand on February 11, 2021. After initial negotiations broke down, Plaintiff filed her demand for arbitration on March 5, 2021. During discovery, the parties re-engaged in settlement negotiations which resulted in the settlement currently before the Court. The Counsel for the parties engaged in numerous phone calls and emails to arrive at the final proposed settlement amount and terms. The settlement was reached mid-arbitration after a case management conference and the exchange of discovery requests. This non-collusive, arms-length process allowed the parties to achieve a fair settlement agreement.

### 6. The payment of attorneys' fees is reasonable.

As part of the Settlement Agreement, Defendants have agreed to pay Plaintiff's counsel's attorneys' fees as a separate amount of $7,736.49 (rather than a percentage of the payment to Plaintiff). This amount is less than Plaintiff's Counsel's lodestar and constitutes 29.80% of the total fund, which is consistent with (and actually lower than) the fees normally awarded in FLSA cases. This fee amount is reasonable under the circumstances of this case.

The FLSA is a fee-shifting statute and Plaintiff, if she prevailed on her claims, would be entitled to reasonable fees and expenses. *See Ne. Eng'rs Fed. Credit Union v. Home Depot, Inc.*, 931 F.3d 1065, 1076 (11th Cir. 2019). Courts in the Eleventh Circuit use either the lodestar method or the percentage method to determine a reasonable fee, where an award of up to 30% is typical.

Here, Plaintiff's Counsel have expended approximately 115 hours on this case in litigation and arbitration, resulting in total billable time of $24,790.00. Despite the total amount of billable hours expended at this time, for settlement purposes, Plaintiff's Counsel has agreed to accept less than

complete lodestar compensation. Plaintiff's Counsel has agreed to these lower fees to ensure Plaintiff would be more quickly compensated for her unpaid wages and to avoid further litigation costs for all parties.

Plaintiff's fee request is reasonable since it is less than the lodestar amount and less than 30% of the total settlement. For these reasons, Plaintiff asks the Court to approve the settlement, including the award of attorneys' fees.

### 7. Conclusion

The Parties ask the Court to grant final approval of the Parties' Settlement Agreement and, upon Defendants' payment of the settlement funds, dismiss the lawsuit in its entirety and with prejudice.

Respectfully Submitted,

/s/ *Andrew Kimble*
Andrew P. Kimble (Ohio Bar No. 0093172)
BILLER & KIMBLE, LLC
8044 Montgomery Road, Suite 515
Cincinnati, OH 45236
Telephone: (513) 202-0710
Facsimile: (614) 340-4620
abiller@billerkimble.com
akimble@billerkimble.com
www.billerkimble.com

Gary R. Kessler (Fla. Bar. No. 232777)
GARY R. KESSLER P.C.
31 Mistflower Lane
Santa Rosa Beach, Florida 32459
(404) 909-8100 (Phone)
 (404) 909-8120 (Fax)
(*gkessler@martensonlaw.com*)

*Counsel for Plaintiff*

/s/ *Kathleen M. Caminiti*
Kathleen M. Caminiti
Florida Bar No.: 0814628
FISHER & PHILLIPS, LLP
430 Mountain Avenue
Suite 303
Murray Hill, New Jersey 07974
Phone: (908) 516-1062
Fax: (908) 516-1101

Jeffery E. Mandel
Florida Bar No.: 613126
Email: Jmandel@fisherphillips.com
FISHER & PHILLIPS LLP
200 South Orange Avenue, Suite 100
Orlando, Florida 32801
Phone: (407) 541-0888
Fax: (407) 541-0887

*Counsel for Defendants*

## Certificate of Service

Plaintiff certifies that a copy of the foregoing will be automatically served on all parties via the Court's ECF system.

*/s/ Kathleen M. Caminiti*
Kathleen M. Caminiti